IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:15-CR-3059 |
| vs. | |
| ZACHARY JOSEPH LOVE, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on the defendant's objection (filing 99) to the Court's tentative findings, in which the defendant reasserts objections to the presentence report that were not presented to the Court in an objection or motion filed in response to the revised presentence report. The Court will, nonetheless, sustain the defendant's objection and resolve these issues at sentencing, as set forth below.

DRUG QUANTITY

The defendant contends that he "should be held accountable for a total drug quantity of less than 500 grams of methamphetamine and closer to 200 grams of methamphetamine." If the defendant objects to any of the factual allegations contained in the presentence report on an issue on which the government has the burden of proof, such as the base offense level and any enhancing factors, the government must present evidence at the sentencing hearing to prove the existence of the disputed facts. *United States v. Poor Bear*, 359 F.3d 1038, 1041 (8th Cir. 2004). The Court will resolve the defendant's objection to drug quantity based on the evidence at sentencing.

GUN ENHANCEMENT

The defendant objects to the evidence used, in the presentence report, to establish the two-level enhancement for possessing of a dangerous weapon. *See* U.S.S.G. § 2D1.1(b)(1). The burden is on the government to prove the factual basis for a sentencing enhancement by a preponderance of the evidence. *United States v. Peroceski*, 520 F.3d 886, 889 (8th Cir. 2008). Accordingly, the Court will resolve this issue on the evidence at sentencing.

CAREER OFFENDER ENHANCEMENT

The defendant objects to the finding that the defendant qualifies for the career offender enhancement of U.S.S.G. § 4B1.1. The presentence report finds that the defendant is a career offender based on two prior convictions: a 2004 federal conviction for conspiracy to distribute and possession with intent to distribute methamphetamine, and a 2002 Nebraska conviction for terroristic threats, in violation of Neb. Rev. Stat. § 28-311.01. The terrorist threats conviction is problematic.

The presentence report concludes that terroristic threats is a "crime of violence," within the meaning of § 4B1.1(a). But as relevant, a "crime of violence" is a crime that

(1)    has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2)    is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2. This Court has previously held that the crime of Nebraska terroristic threats does not necessarily require that the defendant have threatened the use of physical force against the person of another. *United States v. Mateo-Francisco*, No. 4:13-CR-3041 (D. Neb. filed Aug. 29, 2013).[1] Terroristic threats is obviously not burglary of a dwelling, arson, or extortion, nor does it necessarily involve use of explosives. And the remaining language—"conduct that presents a serious potential risk of physical injury to another"—has (albeit in a different context) been found unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551 (2015).

The Court's tentative finding, therefore, is that a conviction for Nebraska terroristic threats is *not* a "crime of violence" for purposes of § 4B1.1(a). The parties are, however, notified that the Court will, in weighing this offense and the defendant's criminal history, consider whether an upward variance is warranted under § 3553(a) because the Guidelines calculation may not adequately reflect the seriousness of the defendant's conduct. *See, United States v. Overbey*, 696 F.3d 702, 705-06 (8th Cir. 2012);

---

[1] The defendant probably *did* threaten the use of physical force, although even that is not absolutely certain from the description in the presentence report that the defendant "demanded money" from the victim, "proceeded to kick her and yell at her[,]" and "forcibly grabbed her purse[.]" But the Court must consider the elements of the offense, and not the underlying facts. *See Mathis v. United States*, No. 15-6092, 2016 WL 3434400, at *6 (U.S. June 23, 2016).

*United States v. Washington*, 515 F.3d 861, 867-68 (8th Cir. 2008); *see also*, *United States v. Golden*, 394 Fed. Appx. 347, 348-49 (8th Cir. 2010); *United States v. Roberson*, 334 Fed. Appx. 787, 790 (8th Cir. 2009).

### VARIANCE BASED UPON PERSONAL CIRCUMSTANCES

Finally, the defendant contends that grounds for departure or variance exist based upon his personal circumstances. The presentence report states that defense counsel reported an intent to argue for downward departure or variance because "the defendant's criminal history is overstated and the defendant suffers from severe mental health and substance abuse." The Court will—as it always does—consider the evidence presented at sentencing as it relates to the 18 U.S.C. § 3553(a) factors, and will vary from the Guidelines range based upon those factors if the evidence warrants.

IT IS ORDERED:

1.   The defendant's objection (filing 99) is sustained.

2.   The Court will take up the issues raised by the defendant, as set forth above.

Dated this 11th day of July, 2016.

BY THE COURT:

John M. Gerrard
United States District Judge